**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**EDRICK LAMAR LEE,**
   **Petitioner,**

vs.             **Case No: 5:06cv224/MCR/MD**

**UNITED STATES OF AMERICA,**
   **Respondent.**
_____

**ORDER**

  This cause is before the court upon transfer from the United States District Court for the Northern District of Alabama ("Northern District of Alabama").  (Doc. 8).

  Petitioner is a federal inmate currently housed at the Federal Correctional Institution in Marianna, Florida ("FCI Marianna").  He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of a federal sentence imposed by the Northern District of Alabama in case number 2:02cr00199.  For the following reasons, petitioner will be required to file an amended petition.

  First, petitioner has failed to use the prescribed form for use in petitions under 28 U.S.C. § 2241.   Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration an application for writ of habeas corpus under 28 U.S.C. § 2241 unless the appropriate form is completed.  Second, contrary to 28 U.S.C. § 2242 and the directions on the petition form, the petition does not name as respondent the <u>person</u> who has custody over petitioner; rather, it names "United States of America."  As petitioner is currently incarcerated at FCI Marianna, the proper respondent is the warden of that institution, Scott Middlebrook.  Third and finally, petitioner has failed to attach proof that he exhausted his administrative remedies.

With respect to the latter, petitioner is warned that this court is without jurisdiction to consider his petition unless he has exhausted his administrative remedies. It is well established that prisoners must exhaust administrative remedies before habeas relief can be granted, including relief pursuant to § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 541 U.S. 1036, 124 S.Ct. 2112, 158 L.Ed.2d 722 (2004). This requirement is jurisdictional. *Winck v. England,* 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam) (same); *see also Hegney v. Holder*, 177 Fed.Appx. 901 (11th Cir. Apr. 21, 2006) (per curiam) (Table, Text in WestLaw)("A [federal] prisoner seeking credit against his sentence for time in custody must exhaust BOP administrative remedies for the district court to have jurisdiction to hear his claims"); *Jaimes v. United States*, No. 05-14514, 2006 WL 387440 at *2 (11th Cir. Feb. 21, 2006) ("[W]here a habeas petition is brought pursuant to § 2241 the exhaustion of administrative remedies is jurisdictional.") (unpublished opinion); *Hicks v. Jordan*, No. 05-14349, 2006 WL 263831 at *1 (11th Cir. Feb. 2, 2006) (unpublished opinion) (same); *cf. Boz v. United States*, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (Also jurisdictional is "[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.") (internal quotation marks and citation omitted); *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990) (remanding action filed pursuant to 18 U.S.C. § 3568 for credit against prisoner's sentence for time spent in custody, and directing district court to dismiss for lack of jurisdiction due to prisoner's failure to exhaust administrative remedies).

The Bureau of Prisons provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-542.16. Initially, a prisoner must seek resolution of his issue through an informal grievance. *Id.* at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. *Id.* at § 543.13(b). If still dissatisfied, an appeal may be taken to the Regional Director. *Id.* at § 542.15. The inmate may appeal the Regional Director's response to the General Counsel for the BOP. *Id.* Each of these steps is generally required to satisfy the exhaustion prerequisite. An inmate

is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending.  *Meagher v. Dugger*, 737 F.Supp. 641, 643 (S.D. Fla. 1990).

In the instant case, the record suggests that petitioner may not have exhausted his administrative remedies prior to filing this petition.  He was transferred into the federal system on June 6, 2006, and filed the instant petition a mere nine days later on June 15, 2006.  (*See* doc. 3, p. 2).

To amend his petition, petitioner should completely fill out the § 2241 form, marking it "**Amended Petition**."  Petitioner is advised that the amended petition must contain all of his grounds for relief, and it should not in any way refer to the previously filed materials. The amended petition completely replaces all previous petitions.  Matters not set forth in the amended petition are deemed to have been abandoned.  N.D. Fla. Loc. R. 15.1.

Accordingly, it is ORDERED:

1.  The clerk shall send petitioner a copy of the form for use in Section 2241 cases. This case number should be written on the form.  The petition form and copy of this order shall be sent to petitioner at the following address: Edrick Lamar Lee, Register No. 23668-001, FCI Marianna, Federal Correctional Institution, P.O. Box. 7007, Marianna, FL 32447, and shall also be sent to counsel who appeared for petitioner in the Northern District of Alabama: William M. Dawson, Esq., Dawson & Wallace Law Office, 2229 Morris Ave., Birmingham, AL 35203.

2.  Within **thirty (30) days** from the docketing date of this order, petitioner shall file an amended petition for writ of habeas corpus which complies with the instructions on the form and which includes proof that petitioner exhausted his administrative remedies.

3.  Failure to comply with this order as instructed will result in a recommendation that this cause be dismissed.

DONE AND ORDERED this 14th day of November, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:06cv224/MCR/MD*