IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**EDRICK LAMAR LEE,**
    **Petitioner,**

vs.                              Case No: 5:06cv224/MCR/MD

**UNITED STATES OF AMERICA,**
    **Respondent.**
_____

**REPORT AND RECOMMENDATION**

    This cause is before the court upon referral from the clerk. Petitioner, an inmate at the Federal Correctional Institution in Marianna, Florida ("FCI Marianna"), commenced this action on June 15, 2006 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Alabama. (Doc. 1). Petitioner challenges the execution of his federal sentence, one imposed by the Northern District of Alabama in case number 2:02cr00199. Specifically, he contends he is entitled to receive certain prior custody credit. (Doc. 1; doc. 15, Attach.). The matter was subsequently transferred to this court. (Doc. 7).

    Upon this court's receipt of the file, the undersigned noted that the petition was deficient in several respects. Accordingly, on November 14, 2006 the court issued an order advising petitioner of the deficiencies and requiring him to file an amended petition on the court form within thirty days. (Doc. 11). In that order, petitioner was advised of the exhaustion requirement, and warned that this court was without jurisdiction to consider his petition unless he had exhausted his administrative remedies.

**Petitioner did not respond to the order. Accordingly, on December 28, 2006 this court issued an order requiring petitioner to show cause why his case should not be dismissed for failure to comply with an order of the court. (Doc. 13). Petitioner has responded, requesting an extension of time due to the fact that he is in the process of exhausting his administrative remedies. (Doc. 15). Attached to petitioner's response are copies of grievances indicating that petitioner has exhausted two of the four levels of the Bureau of Prison's administrative grievance process.[1] Petitioner has also filed a motion for appointment of counsel. (Doc. 16).**

**It is well established that prisoners must exhaust administrative remedies before habeas relief can be granted, including relief pursuant to § 2241.** *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. ), *cert. denied*, 541 U.S. 1036 (2004).[2] **This requirement is jurisdictional.** *Winck v. England,* 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) **(recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit);** *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) **(per curiam) (same);** *see also Jaimes v. United States*, No. 05-14514, 2006 WL 387440 at *2 (11th Cir. Feb. 21, 2006) **("[W]here a habeas petition is brought pursuant to § 2241 the exhaustion of administrative remedies is jurisdictional.") (unpublished opinion);** *Hicks v. Jordan*, No. 05-14349, 2006 WL 263831 at *1 (11th Cir. Feb. 2, 2006) **(unpublished opinion) (same);** *cf. Boz v. United States*, 248 F.3d 1299, 1300 (11th Cir. 2001) **(per curiam) (Also jurisdictional is "[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.") (internal quotation marks and citation omitted). Specifically with regard to sentence credit issues under**

---

[1] Petitioner's attachments indicate that he submitted an informal grievance on November 27, 2006. It was denied on December 13, 2006. Petitioner then filed a formal written complaint with the institution, which was denied only two weeks ago, on January 5, 2007. Presumably, petitioner is now in the process of appealing that decision to the Regional Director's Office.

[2] *See also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632, 634 (2nd Cir. 2001) (requiring exhaustion in the context of a § 2241 petition); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (same); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (discussing exhaustion requirement in the context of habeas petitions in general); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 850-51 (3rd Cir. 1976) (same); *Willis v. Ciccone*, 506 F.2d 1011, 1014-15, n. 3 (8th Cir. 1974) (same).

18 U.S.C. § 3585, the Eleventh Circuit has emphasized that the Attorney General, acting through the Bureau of Prisons, initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing. *Rodriguez v. Lamer* 60 F.3d 745, 747 (11th Cir. 1995); *Dawson v. Scott*, 50 F. 3d 884 (11th Cir. 1995); *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990). Thus, a prisoner's exhaustion of administrative remedies is a necessary prerequisite for seeking judicial relief.

The Bureau of Prisons provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-542.16. Initially, a prisoner must seek resolution of his issue through an informal grievance. *Id.* at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. *Id.* at § 543.13(b). If still dissatisfied, an appeal may be taken to the Regional Director. *Id.* at § 542.15. The inmate may appeal the Regional Director's response to the General Counsel for the BOP. *Id.* Each of these steps is generally required to satisfy the exhaustion prerequisite.

In the instant case, petitioner's submissions to this court demonstrate that upon the filing of his § 2241 petition in June of 2006, he had not even begun the administrative grievance process. He only recently initiated that process after receiving this court's November 14, 2006 order. Although petitioner apparently assumes that he may commence this action and then complete the exhaustion process, case law provides that a prisoner may proceed only on those claims he has exhausted prior to filing a § 2241 petition. *See Meagher v. Dugger,* 737 F.Supp. 641, 643 (S.D. Fla. 1990) (holding that an inmate is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending).

Based on the foregoing, the instant petition should be dismissed for lack of jurisdiction. *See United States v. Lucas*, *supra* (remanding action for sentence credit pursuant to 18 U.S.C. § 3585 with directions to the district court to dismiss it for lack of jurisdiction because prisoner failed to exhaust his administrative remedies); *see also, e.g.*, *McLeod v. Henry*, Case Number 5:02cv272/MMP/MD (dismissing for lack

of jurisdiction § 2241 petition challenging the BOP's computation of sentence credit under 18 U.S.C. §3585, where petitioner was in the process of exhausting his administrative remedies at the time he filed his petition); *Lowery v. Barron*, Case Number 5:05cv180/RS/MD (dismissing for lack of jurisdiction § 2241 petition challenging the BOP's determination that he was ineligible for the one-year sentence reduction provided at 18 U.S.C. § 3621(e)(2)(B), where petitioner failed to exhaust his administrative remedies); *Braxton v. Bauknecht*, Case Number 3:05cv126/MCR/MD (dismissing for lack of jurisdiction § 2241 petition challenging the BOP's interpretation of 18 U.S.C. § 3624(b), where petitioner failed to exhaust his administrative remedies); *Levitan v. Bauknecht*, Case Number 3:04cv403/MCR/MD (same).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) be DISMISSED without prejudice to afford petitioner an opportunity to exhaust his administrative remedies in accordance with BOP procedures.

2. That all pending motions be DENIED as moot.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of January, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).